[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Grimsley,* Slip Opinion No. 2014-Ohio-5033.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5033.

IN RE APPLICATION OF GRIMSLEY.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Grimsley,* Slip Opinion No. 2014-Ohio-5033.]

*Attorneys—Character and fitness—Failure to disclose criminal offenses on law-school applications and application to transfer to a new law school—Application to register as a candidate for admission to the bar disapproved—Applicant may apply to take the February 2015 or later bar exam.*

(No. 2014-0509—Submitted May 28, 2014—Decided November 20, 2014.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 565.

_____

**Per Curiam.**

{¶ 1} Matthew S. Grimsley of Canton, Ohio, has applied to register as a candidate for admission to the practice of law in Ohio and to take the July 2013 bar exam.  A two-person panel of the Columbus Bar Association admissions committee interviewed Grimsley on June 17, 2013, and found that he possessed

the requisite character, fitness, and moral qualifications for admission to the practice of law and recommended that his application be approved. The admissions committee, therefore, issued final approval of his character, fitness, and moral qualifications on June 20, 2013.

{¶ 2} On July 15, 2013, however, the office of bar admissions advised Grimsley that it had not received final approval of his character, fitness, and moral qualifications from the Board of Commissioners on Character and Fitness and, consequently, he would not be permitted to take the July 2013 bar examination.

{¶ 3} The board, sua sponte, commenced an investigation pursuant to Gov.Bar R. I(10)(B)(2)(e) on August 14, 2013. Having completed that investigation and conducted a formal hearing regarding Grimsley's failure to disclose several alcohol-related offenses on his application to the DePaul University College of Law and his original and transfer applications to the Ohio State University, Moritz College of Law, the board now recommends that we disapprove his pending application but that we permit him to apply for the July 2014 bar examination. We adopt the board's recommendation to disapprove Grimsley's pending application and permit him to apply for the February 2015 or a later bar exam.

**Summary of the Proceedings**

{¶ 4} After meeting with Grimsley on June 17, 2013, two Columbus Bar Association admissions-committee interviewers found that he had disclosed multiple convictions for alcohol-related offenses from October 2006 through October 2011, expressed his remorse for his conduct, and reported that his drinking days were behind him.

{¶ 5} In the course of its investigation, the board found that while Grimsley had disclosed four separate offenses on his application to register as a candidate for admission to the bar, he had disclosed only one of those offenses on

2

his original law-school applications and none of them on his application to transfer to the Moritz College of Law. The board noted that Grimsley's offenses—disorderly conduct resulting from intoxication in October 2011, underage consumption in May 2007, disorderly conduct for public urination in April 2007, and intoxication in dorm room in October 2006—were, themselves, unlikely to delay Grimsley's application to sit for the Ohio bar exam.

{¶ 6} Although Grimsley testified that his failure to disclose these offenses was a "mistake," "stupid," and an unintentional omission of negative information, the board was troubled by his ongoing efforts to hedge his responsibility and minimize the importance of candor in the application process.

{¶ 7} The board noted that in a July 19, 2013 letter to the Office of Bar Admissions, Grimsley stated:

> In addition, I am unsure why I did not include a description for the other offenses on my law school applications. Whether I made an error in uploading other descriptions or simply misunderstood what was required, I really cannot remember as I filled the application out prior to law school. Also until yesterday, I honestly was unaware of this inadequacy of disclosure on my law school application.

{¶ 8} Affidavits that Grimsley admits he prepared approximately three weeks before his character-and-fitness hearing further demonstrate his failure to acknowledge that he clearly omitted material information from his law-school applications and his failure to accept responsibility for those omissions. The first affidavit, prepared for one of his former professors and signed one day before the hearing, states: "*Whether or not* Matthew Grimsley failed to respond truthfully on his law school applications, any such failure is not indicative of his current

character and fitness to practice law." (Emphasis added.) Likewise, the affidavit he admits he prepared for his current employer states: "*Even if* the Board of Commissioners correctly concluded that Matthew Grimsley failed to respond truthfully on his law school applications, such a failure does not reflect his current moral character that he has demonstrated while employed with my firm." (Emphasis added.) The equivocal language in these affidavits supports the board's finding that Grimsley has not been completely forthright and has not accepted full responsibility for his failure to disclose material information, despite his testimony to the contrary.

### Disposition

{¶ 9} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.*

{¶ 10} Based on Grimsley's failure to fully disclose his criminal history, his failure to accept complete responsibility for his actions, and his failure to recognize the importance of candor in the admissions process, the board found that Grimsley failed to carry his burden of proving that he currently possesses the requisite character, fitness, and moral qualifications. The board suggested, however, that with some additional time to mature and understand the ramifications of his failure to disclose material facts Grimsley may soon be able to establish his fitness to practice law in Ohio. Therefore, the board recommended that be permitted to apply for the July 2014 bar exam.

**{¶ 11}** We adopt the board's findings of fact and find that Grimsley's material omissions from his law-school applications manifest a significant deficiency in his honesty, trustworthiness, diligence, and reliability in that he engaged in dishonest conduct by failing to provide complete and accurate information regarding his past, which resulted in false statements by omission. *See* Gov.Bar R. 1(11)(D)(3)(g), (h), and (i). Although he has taken some steps to remedy his material omissions by fully disclosing the charges on his application to register as a candidate for the bar exam, he has not been entirely candid during the admissions process. First he blamed his omissions on either an error in uploading data to the computer or a misunderstanding of the requested disclosures, but he later testified that he deliberately chose to err on the side of nondisclosure. Yet he equivocated about the wrongfulness of his conduct in the affidavits he prepared for his character witnesses. He also originally denied at the hearing that he had been dishonest and claimed that he had not had any intent to mislead, but eventually, he conceded that his conduct was dishonest.

**{¶ 12}** Accordingly, Grimsley's pending application to take the bar exam is disapproved. He may apply to take the February 2015[1] or a later bar exam, provided that he submits a new application to register as a candidate for admission to the practice of law and is able to establish that he has the requisite character, fitness, and other qualifications.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Matthew S. Grimsley, pro se.

_____

[1] Although the board recommended that Grimsley be permitted to apply for the July 2014 bar exam, the timing of the board's decision and our review of this matter did not afford sufficient time for an application to be duly processed before that exam was administered.

Fry, Waller & McCann Co., L.P.A., Barry A. Waller, and Michael N. Oser, for the Columbus Bar Association.

_____